State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
Christopher A. Pfanstiel, respondent.
___ N.W.2d ___

Filed December 27, 2013.    No. S-13-833.

Original action. Judgment of public reprimand.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

Respondent, Christopher A. Pfanstiel, was admitted to the practice of law in the State of Nebraska on January 17, 2000. At all relevant times, he was engaged in the private practice of law in Omaha, Nebraska. On September 25, 2013, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges consisting of one count against respondent. In the one count, it was alleged that by his conduct, respondent had violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), Neb. Ct. R. § 3-318 of the disciplinary rules, and Neb. Ct. R. of Prof. Cond. §§ 3-503.3(a) (candor toward tribunal) and 3-508.4(a) and (d) (misconduct).

On November 8, 2013, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and §§ 3-318, 3-503.3(a), and 3-508.4(a) and (d). Respondent knowingly chose not to challenge or contest the truth of the matters conditionally admitted and waived all proceedings against him in connection therewith in exchange for a public reprimand.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's request for public reprimand is appropriate.

Upon due consideration, we approve the conditional admission and order that respondent be publicly reprimanded.

FACTS

The formal charges state that on January 20, 2012, respondent was personally sued in the county court for Douglas County to collect on a plumbing bill incurred by respondent in the amount of $1,158.96. See Credit Bureau Services, Inc. v. Christopher A. Pfanstiel, case No. CI 12-1712. Respondent was personally served with summons on January 25.

On January 30, 2012, respondent filed a motion to dismiss, alleging that the county court for Douglas County lacked jurisdiction because the plumbing services were contracted for and provided with respect to property owned by respondent in Saunders County. Respondent scheduled his motion to be heard on February 9 and sent notice to the attorneys representing Credit Bureau Services, Inc.

On February 3, 2012, an attorney representing Credit Bureau Services (the first attorney) filed a motion to continue the hearing of respondent's motion to February 23, and a copy of the motion to continue was mailed to respondent. On February 7, the county court issued an order continuing the hearing on respondent's motion to dismiss to February 23.

On February 23, 2012, respondent's motion to dismiss came on for hearing before the county court. Respondent failed to attend the hearing, and the court overruled the motion.

On March 14, 2012, a second attorney representing Credit Bureau Services (the second attorney) filed a motion for default judgment against respondent. On that day, the court entered default judgment against respondent in the amount of $1,158.96. Notice of the default judgment was mailed by the county court to respondent's residence in Omaha.

On March 16, 2012, respondent filed a motion to vacate the default judgment claiming that he had not received a copy of the first attorney's motion to continue or the county court's order rescheduling his motion to dismiss to February 23, and thus he did not appear for the hearing on February 23. Respondent requested that the default judgment be vacated and that his motion to dismiss be scheduled for a hearing. Respondent scheduled the hearing on his motion to vacate for April 12 and mailed a copy of the motion and notice to the second attorney.

On April 12, 2012, respondent's motion to vacate the default judgment came on for hearing. Respondent did not attend the hearing, and the county court denied respondent's motion.

On April 16, 2012, respondent filed an amended motion to vacate the default judgment, and a hearing on the motion was set for May 10. On May 10, the county court vacated the default judgment previously entered against respondent, and respondent was granted 10 days to file an answer to the complaint. On May 15, respondent filed his answer and counterclaim.

Also on May 15, 2012, respondent again filed his motion to dismiss, alleging that the county court lacked jurisdiction. A hearing was set on the motion to dismiss for June 28. At the hearing on June 28, the court denied respondent's motion to dismiss.

On June 28, 2012, the first attorney filed a motion for sanctions against respondent based on respondent's failing to attend the hearings on the two motions that respondent had filed in the pending case. The hearing on the motion for sanctions was held on September 27, at which time respondent was sanctioned and ordered to pay $700 to Credit Bureau Services.

On or about January 5, 2013, respondent moved his office from its location on 130th Street in Omaha to a location on Pacific Street in Omaha. Respondent did not file a change of address with the county court for Douglas County, nor did he send a change of address notice to the attorneys representing Credit Bureau Services.

On January 23, 2013, respondent filed a motion to reconsider the sanction entered against him on September 27, 2012. Respondent set the hearing on his motion to reconsider for January 28, 2013. The formal charges state that in his motion to reconsider, respondent incorrectly stated that his office address was at the location on 130th Street in Omaha.

The formal charges state that on January 28, 2013, respondent filed his affidavit with the county court in which he alleged that the first attorney "'has continually failed and/or refused to send proper and timely notices of hearings set by

[Credit Bureau Services] to [respondent].'" Respondent further alleged that the first attorney "''abuses the court system and good faith certifications, claiming that she has sent proper and timely notice to [respondent], when she has not sent proper and timely notices to [respondent].'" On March 1, the court issued an order denying respondent's motion to reconsider the sanction order.

The county court issued an order and notice of pretrial hearing, setting the pretrial hearing for April 4, 2013. According to the formal charges, the order stated, "'Failure to appear will cause a default judgment to be entered against you, or any other final disposition that is just and proper. YOU MUST ATTEND THIS HEARING.'" On March 18, the first attorney mailed a copy of the order and notice of pretrial hearing to respondent at the 130th Street location. Respondent failed to attend the pretrial hearing on April 4, and the default judgment was entered against him.

On April 19, 2013, respondent filed a motion to reconsider the default judgment. Respondent set the motion for hearing on May 9. The formal charges state the in the motion, respondent incorrectly stated that his office address was at the 130th Street location.

At the hearing on May 9, 2013, respondent offered his affidavit in support of his motion to reconsider the default judgment entered against him in April. According to the formal charges, respondent stated in his affidavit:

> "'[Respondent] believes that [the first attorney's] pattern and intentions are quite clear that while she certifies to the Court that she mails notice of all hearings to [respondent] via United States Mail, postage prepaid, she does not in fact mail said notice to [respondent], allowing her unfair advantage, and further costing both parties more time and expense; and further costing this Court more time and attention to unnecessary hearings/issues.'"

The formal charges state that respondent had no evidence to support his allegation that the first attorney falsified the certificates of service and that she did not in fact mail the notices to respondent.

During the hearing on May 9, 2013, respondent disclosed that he had filed a disciplinary grievance against the first attorney.

The formal charges allege that respondent's actions constitute violations of his oath of office as an attorney as provided by Nebraska statute § 7-104, disciplinary rule § 3-318, and professional conduct rules §§ 3-503.3(a) and 3-508.4(a) and (d).

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. The charges against respondent essentially allege that respondent failed to advise the first attorney of his change of address, but nevertheless, complained to the court and the Counsel for Discipline that the first attorney was falsifying her certificates of service. We determine that by his admitted conduct,

respondent violated disciplinary rule § 3-318, conduct rules §§ 3-503.3(a) and 3-508.4(a) and (d), and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is publically reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.